```
            IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND

IN RE: NAVEED AKHTAR KHAN        :

TIMOTHY P. BRANIGAN              :

    Appellant                    :

    v.                           : Civil Action No. DKC 2006-2818

                                 :
NAVEED AKHTAR KHAN
                                 :
    Appellee
                                 :
                       * * * * * * *

IN RE: JOSEPH E. BATEMAN, JR.    :

TIMOTHY P. BRANIGAN              :

    Appellant                    :

    v.                           : Civil Action No. DKC 2006-2788

                                 :
JOSEPH E. BATEMAN, JR.
                                 :
    Appellee
                                 :
```

**MEMORANDUM OPINION**

The Chapter 13 Trustee appeals the orders of the bankruptcy court denying his motions to dismiss and confirming the plans of the debtors. The sole issue is whether 11 U.S.C. § 1328(f), which prohibits a second discharge under certain circumstances, also prohibits the filing of a chapter 13 petition. Each of the debtors obtained a discharge in bankruptcy in a case filed within a certain interval of filing the current Chapter 13 petitions. As a result, each is ineligible to obtain a discharge. The Trustee contends

that the ineligibility to obtain a discharge should mean that the debtor is also ineligible to file the petition at all and that the filing is, *ipso facto*, in bad faith.  Every bankruptcy judge to consider this argument rejected it.  The only judicial "support" cited by the Trustee is a footnote in a Seventh Circuit opinion in a case arising under the statute prior to amendments:

> Among the other important changes affected by the BAPCP Act is one in this area. The BAPCP Act amended the Code to bar a debtor from relief under Chapter 13 within four years of receiving a discharge under Chapters 7, 11, or 12, or within two years of receiving a discharge in a previous Chapter 13 proceeding. *See* BAPCP Act § 312, amending 11 U.S.C. § 1328. Because these changes apply only prospectively, however, *see* BAPCP Act § 1501, this statutory bar does not apply to Sidebottom's Chapter 13 case.

*In re Sidebottom*, 430 F.3d 893, 897 n.1 (7th Cir. 2005).

Like the bankruptcy judges who have considered the issue, the undersigned finds that the plain language of the code compels rejection of Appellant's position.

> Statutory interpretation necessarily begins with an analysis of the language of the statute. *See Landreth Timber Co. v. Landreth*, 471 U.S. 681, 685, 105 S.Ct. 2297, 85 L.Ed.2d 692 (1985). In analyzing statutory language, we must first "determine whether the language at issue has a plain and unambiguous meaning." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997). Our determination of whether a statute is ambiguous is guided "by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Id.* at 341, 117 S.Ct. 843. If the language is plain and "the

2

>statutory scheme is coherent and consistent," we need not inquire further. *United States v. Ron Pair Enters.*, 489 U.S. 235, 240-41, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). In that situation, "the sole function of the courts is to enforce [the statute] according to its terms." *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917).

*In re Coleman,* 426 F.3d 719, 724-25 (4th Cir. 2005).

The subsection at issue, § 1328(f), provides:

> Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge-
> (1) in a case filed under chapter 7, 11, or 12 of this title during the 4-year period preceding the date of the order for relief under this chapter, or
> (2) in a case filed under chapter 13 of this title during the 2-year period preceding the date of such order.

Subsections (a) and (b) concern discharges either upon completion of payments due under a confirmed plan, or under some circumstances, when payment cannot be made.  On the other hand, eligibility to file a Chapter 13 petition is set forth in 11 U.S.C. § 109:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $307,675 and noncontingent, liquidated, secured debts of less than $922,975, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts

3

> that aggregate less than $307,675 and noncontingent, liquidated, secured debts of less than $922,975 may be a debtor under chapter 13 of this title.

While there are some limitations on that general grant of eligibility, *see, e.g.*, § 109(g), there is no prohibition based on the inability to be granted a discharge or the fact that the debtor is a serial filer. Indeed, the Supreme Court long ago found that serial filing was not necessarily barred:

> Congress has expressly prohibited various forms of serial filings. *See, e.g.*, 11 U.S.C. § 109(g) (no filings within 180 days of dismissal); § 727(a)(8) (no Chapter 7 filing within six years of a Chapter 7 or Chapter 11 filing); § 727(a)(9) (limitation on Chapter 7 filing within six years of Chapter 12 or Chapter 13 filing). The absence of a like prohibition on serial filings of Chapter 7 and Chapter 13 petitions, combined with the evident care with which Congress fashioned these express prohibitions, convinces us that Congress did not intend categorically to foreclose the benefit of Chapter 13 reorganization to a debtor who previously has filed for Chapter 7 relief. *Cf. United States v. Smith*, 499 U.S. 160, 167, 111 S.Ct. 1180, 1185, 113 L.Ed.2d 134 (1991) (expressly enumerated exceptions presumed to be exclusive).

*Johnson v. Home State Bank*, 501 U.S. 78, 87, 111 S.Ct. 2150, 2156 (1991).

The Trustee's arguments that this conclusion undercuts other provisions of the code are unpersuasive. Whether debtors with certain kinds of debt, such as domestic support orders, may seek to abuse the system is immaterial. The bankruptcy court always has

4

the authority to guard against bad faith filing and, indeed, must make a finding of good faith before approving a plan.  The remedy is not to prohibit all Chapter 13 filings by debtors who previously filed within the applicable period and received discharges when Congress has not provided for such an absolute prohibition.

The Trustee's argument that this conclusion contravenes the language of *Johnson v. Home State Bank* is also without merit.  He is correct that sections 727(a)(8) and (a)(9), using language similar to that in section 1328(f), explicitly prohibit the grant of a discharge if the debtor previously was granted a discharge in a case filed within a specified period of time.  As quoted above, the Court summarized this section in explanatory parenthetical phrases as follows:

> Congress has expressly prohibited various forms of serial filings. *See, e.g.*, 11 U.S.C. § 109(g)(no filings within 180 days of dismissal); § 727(a)(8) (no Chapter 7 filing within six years of a Chapter 7 or Chapter 11 filing); § 727(a)(9) (limitation on Chapter 7 filing within six years of Chapter 12 or Chapter 13 filing).

*Johnson*, 501 U.S. at 87.  The Trustee argues that because the Supreme Court referred to these provisions as "prohibitions" on filing, the similar language of section 1328(f) should also be interpreted to bar the filing of covered Chapter 13 cases.

This argument misapplies the framework of statutory interpretation.  A court interpreting a statute must begin by determining whether the statute's language is ambiguous; when a

5

statute's language is unambiguous on its face, the court must apply that language without searching further for indications of Congressional intent. *In re Coleman*, 426 F.3d at 725. The language of section 1328(f) is clear and unambiguous. It prohibits only the grant of a discharge under Chapter 13, and does not address the circumstances, set out in section 109, under which a Chapter 13 bankruptcy petition may be filed. The provision relied on by the Trustee to prohibit, *ab initio*, the filing of a petition is part of a statute governing discharges after confirmation of a plan. It simply makes no sense to read § 1328(f) as a limitation on filing. Therefore, it is inappropriate to look to other sources, including the language used in *Johnson*, to interpret section 1328(f).

Furthermore, even the Supreme Court's characterization of section 727(a)(8) and (a)(9) as types of provisions "prohibiting" serial filings is not inconsistent with the conclusion that section 1328(f) speaks only to the power to grant a bankruptcy discharge. All three statutory provisions prohibit bankruptcy discharge orders under certain circumstances of serial filing, and thus operate to decrease the incentives to engage in those types of serial filing. In this manner, these provisions function as limitations on serial filing in practice, even though they do not directly prohibit the filing of any bankruptcy petition.

6

Accordingly, the orders appealed from will be affirmed.  A separate order will be entered.


                            _____/s/_____
                            DEBORAH K. CHASANOW
                            United States District Judge